UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jason Beeks,

                Plaintiff,

vs.

CitiMortgage, Inc., Federal Home Loan Mortgage Corporation, Sharepoint Credit Union, all other persons or entities claiming any right title, estate, lien, or interest in the real estate described in the Summons and Complaint herein, and Bill Guenther, solely in his capacity as the Sheriff of Isanti County, Minnesota,

                Defendants.

MEMORANDUM OF
LAW & ORDER

Civil File No. 14-cv-4603 (MJD/HB)

---

Evan Weiner and John R. Neve, Neve Webb, PLLC, Counsel for Plaintiff Jason Beeks.

Thomas J. Lallier and Cameron A. Lallier, Foley & Mansfield, PLLP, Counsel for Defendants CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation.

_____

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction [Docket No. 3] pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.  Plaintiff seeks a preliminary injunction to stop the lockout of Plaintiff Jason Beeks' residence scheduled for 1:00 p.m. on November 5, 2014.

An emergency hearing on Plaintiff's Motion took place at 10:00 a.m. on November 5, 2014.  Because the Plaintiff has failed to establish a likelihood of success on the merits as set forth below, the Motion is denied.

## II.      BACKGROUND

### a.      The Mortgage

This action involves a parcel of real property (the "Property") located in Isanti County, Minnesota, legally described as Lot 4, Block 2, Woodhaven Acres 1st Addition, and located at 1470 33rd Court, Cambridge, MN 55008.  (Verified Compl. ¶ 7 [Docket No. 1-1].)  Beeks alleges that the Property is his primary residence.  (Id. ¶ 8.)

On or about August 22, 2003, Beeks executed a mortgage on the Property in the amount of $132,000.00 (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") that was later recorded with the Isanti County Recorder and memorialized as Document No. 322439.  (Id. ¶ 9.)

Beeks alleges, on information and belief, that MERS subsequently assigned the Mortgage to Defendant CitiMortgage, Inc. ("CitiMortgage").  (Id. ¶ 10.) Beeks further alleges that CitiMortgage serves as the residential mortgage servicer on the debt secured by the Mortgage and that Defendant Sharepoint

Credit Union ("Sharepoint") holds a junior mortgage on the Property in the principal amount of $23,052.40. (Id. ¶ 11.)

### b. Beeks' Bankruptcy Proceeding

On or about May 24, 2011, Beeks filed for Chapter 7 bankruptcy. (Id. ¶ 12.) He avers that despite the bankruptcy, he remained willing and able to continue making payments on the Mortgage, rather than lose his home. (Id. ¶ 13.) Beeks alleges that when he tried to reaffirm the debt secured by the Mortgage, CitiMortgage refused and sought relief from the automatic stay to initiate foreclosure proceedings. (Id. ¶ 14.) On or about September 13, 2011, Beeks' debts were discharged by the United States Bankruptcy Court for the District of Minnesota. (Id. ¶ 15.)

### c. The Postponed 2012 Sale

In October 2011, CitiMortgage commenced foreclosure proceedings and scheduled a Sheriff's Sale for the Property for January 10, 2012, at 10:00 a.m. (Id. ¶ 16.) CitiMortgage issued a Notice of Mortgage Foreclosure Sale informing Beeks of the sale. (Id. ¶ 16 and Ex. A.)

By letter dated January 6, 2012, and postmarked January 9, 2012, the law firm of Usset, Weingarden & Liebo, PLLP notified the Property's occupant that

the sheriff's foreclosure sale was postponed until February 14, 2012.  (Id. Ex. B.) At the November 5, 2014, hearing, the Defendants produced a Notice of Mortgage Foreclosure Sale dated January 6, 2012, published in the Isanti County News.  Beeks alleges that he did not receive this letter, or any other notice, until on or about January 12, 2012, two days after the initial date scheduled for the foreclosure sale.  (Id. ¶ 22.)

On January 10, 2012, Beeks attended a sale at the Isanti County Sheriff's Office.  (Id. ¶ 17.)  He alleges that the Sheriff's Office confirmed that the sale would begin at 10:00 a.m. and end at 11:00 a.m. on that date.  (Id.)  CitiMortgage did not appear at the sale.  (Id.)  Beeks made the only bid on the Property in the amount of $8.00.  (Id. ¶18.)

Beeks alleges that at approximately 11:00 a.m. the same day, the clerk contacted the law firm representing CitiMortgage and told Beeks that the sale was cancelled.  (Id. ¶ 19.)  Subsequently, the Sheriff's Office refused to accept Beeks' money or acknowledge the sale.   (Id.)

When Beeks' attorney later discussed the matter with the clerk, Beeks claims that the clerk "acknowledged that the sale was not postponed or cancelled by notice to the sheriff's office prior to the 10:00 am [sic] scheduled sale time."

4

(Id. ¶ 20.)  Further, Beeks alleges that the clerk agreed that the Sheriff's Office duty was to conduct the sale as scheduled.  (Id.)  When Beeks' attorney informed Chief Deputy Isanti County Attorney Tom Wedes, Wedes allegedly indicated that Beeks may have received a "windfall" and would get back to Beeks' attorney.  (Id. ¶ 21.)   Nonetheless, the Sheriff's Office refused to issue a Certificate of Sale.  (Id. ¶¶ 20, 21.)

>    d.    **The Prior Federal Action**

According to CitiMortgage, on or about December 27, 2011, Beeks, through his then-counsel William Butler, filed and served a complaint on CitiMortgage and Federal Home Loan Mortgage Corporation ("Freddie Mac") challenging the mortgage foreclosure (the "Prior Federal Action").  See Anderson et al. v. CitiMortgage, Inc. et al., Civ. No. 12-0230 (ADM/AJB) [Docket No. 1-1].  An Amended Complaint in that action was filed on January 30, 2013.  Id., [Docket No. 3].

On July 24, 2012, the Court dismissed the Amended Complaint in its entirety and judgment was entered accordingly in the Prior Federal Action.  Id., [Docket Nos. 42 and 43].  The dismissal was later affirmed by the Eighth Circuit. See Anderson et al. v. CitiMortgage, Inc. et al., 515 F. App'x 644 (8th Cir. 2013).

As a result of the pendency of the Prior Federal Action, CitiMortgage claims it elected to postpone the January 10, 2012 foreclosure sale.  (See Verified Compl., Ex. A.)  CitiMortgage has produced ten additional notices of postponement mailed to the occupant of the Property during the pendency of the Prior Federal Action.  (See Exhibit 1 to CitiMortgage and Freddie Mac's Joint Mem. Opp. of Pl.'s Mot. for Prelim. Inj. [Docket No. 8].)

    e.    **The 2014 Sale**

On January 14, 2014, CitiMortgage proceeded with the sale of the Property. (Id. ¶ 23.)  CitiMortgage was the highest bidder.  (Id.)  Beeks alleges, on information and belief, that CitiMortgage then assigned its interest to Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac").  (Id. ¶ 24.)

    f.    **The Eviction Judgment**

On or about August 14, 2014, Freddie Mac commenced an eviction proceeding in Isanti County District Court.  (Id. ¶ 25.)  An eviction judgment against Beeks was entered on or about September 8, 2014.  (Id.)

    g.    **The State Court Action and Removal**

Beeks commenced this action on or about October 13, 2014, in Isanti County District Court, under case number 30-CV-14-757.  On October 31, 2014,

Freddie Mac gave notice of removal of the state court proceedings to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §§ 1331 and 1442 and 12 U.S.C. § 1425(f).

### h.     The Lockout

On Monday, November 3, 2014, at approximately 5:15 p.m., Freddie Mac informed the parties that it had scheduled a lockout of the Property for Wednesday, November 5, 2014, at 1:00 p.m.  (Declaration of John R. Neve ("Neve Decl."), Ex. A [Docket No. 5].)  At approximately 11:15 a.m. on Tuesday November 4, 2014, Beeks informed Defendants that he would be seeking preliminary injunctive relief from the Court if Freddie Mac would not agree to a postponement of the lockout.  (Neve Decl. Ex. B.)

Shortly thereafter, Beeks filed a motion pursuant to Rule 65(b) of the Federal Rules of Civil Procedure for a preliminary injunction to stop the lockout of the Property scheduled for 1:00 p.m. on Wednesday, November 5, 2014, and seeking expedited handling pursuant to L.R. 7.1(d)(4).   [Docket No. 3] Defendants CitiMortgage and Freddie Mac (collectively "Defendants") filed a memorandum in opposition later that day.  [Docket No. 8]

**III.   ANALYSIS**

This matter is before the Court on Plaintiff's motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. The Eighth Circuit has established the following analysis to be used in considering a request for preliminary injunctive relief:

> [w]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Dataphase Sys., Inc. v. C. L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Because Plaintiff has not established a likelihood of success on the merits, a preliminary injunction is not warranted.

    **a.   Likelihood of Success on the Merits**

        **i. Whether the January 2012 Sale Was Properly Postponed**

Beeks asserts that he is likely to succeed on the merits because he was the highest bidder at the January 10, 2012 foreclosure sale. To support his position, Beeks cites to Minnesota Statutes chapter 580, which governs foreclosure by advertisement. Section 580.06 states that the foreclosure sale "shall be made by the sheriff or the sheriff's deputy at public venue to the highest bidder." Section

580.12 further provides that when a sale is made, the sheriff "shall make and deliver to the purchaser a certificate" of the sale.  Beeks argues that these statutes are unambiguous, and the term "shall" means that the sale and delivery of a certificate of sale to the highest bidder is mandatory.  Because Beeks was the highest (and only) bidder at the January 10, 2012 sale, he argues that the sale is final and bars the subsequent 2014 sale.  Therefore, he asserts, the eviction and lockout are invalid.

Defendants, however, have demonstrated that the January 2012 sale was properly postponed.   At the emergency hearing, Defendants directed the Court to Minnesota Statutes section 580.07, which addresses postponement of sheriff sales.  Under that section, a sheriff's sale may be postponed by the party conducting the foreclosure.  The party requesting the postponement must:

> (1)   publish, only once, a notice of the postponement and the rescheduled date of the sale, if known, as soon as practicable, in the newspaper in which the notice under section 580.03 was published; and
>
> (2)   send by first class mail to the occupant, postmarked within three business days of the postponed sale, notice:
>
> (i)    of the postponement; and
> (ii)   if known, of the rescheduled date of the sale and the date on or before which the mortgagor must vacate the property if the sheriff's sale is not further postponed, the mortgage is not

>           reinstated under section 580.30, the property is not redeemed
>           under section 580.23, or the redemption period is not reduced
>           under section 582.032. The notice must state that the time to
>           vacate the property is 11:59 p.m. on the specified date.

Minn. Stat. § 580.07, subd. 1(a).

A review of the exhibits attached to the Verified Complaint demonstrates that Defendants sent notice of the postponement by first class mail, postmarked on January 9, within three business days of the postponed January 10, 2012, sale. (Verified Compl. Ex. A.)  Beeks does not dispute that the notice was postmarked on January 9.  (Id. ¶ 22.)  At the hearing, Defendants provided a copy of the Notice of Mortgage Foreclosure Sale indicating that the required notice was published on January 6, 2012.  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Notice of Mortgage Foreclosure Sale.

Because it appears, at this stage, that Defendants complied with the statutory requirements to postpone the January 10, 2012, foreclosure sale, Beeks has not demonstrated a sufficient likelihood of success on the merits and a denial of his motion for preliminary injunction is warranted.

**(ii)     Whether Beeks' Claims Are Barred by Res Judicata**

Defendants also argue that Beeks' claims are barred by the doctrine of res judicata because prior federal litigation involved the same set of factual circumstances (the foreclosure of the Property), the same parties (Beeks, on one side, and CitiMortgage and Freddie Mac on the other), a final judgment on the merits (dismissal and the Eighth Circuit affirmance of that dismissal), and Beeks had a full and fair opportunity to litigate the matter.

Under the doctrine of res judicata, a subsequent claim is barred when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or cause of action." Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (quoting Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998)).  Under this doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Id. (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

Beeks does not appear to dispute that the prior federal action resulted in a final judgment on the merits, was based on proper jurisdiction, involved the same parties (or those in privity) and is based on the same Mortgage at issue in this case.  Beeks' sole argument to prevent the application of res judicata is that the January 10, 2012, sale occurred after the initial complaint was filed.  However, an Amended Complaint was filed on January 31, 2012, after the purported sale.  At that time, Beeks could have raised his present arguments.  His failure to do so acts as a waiver and bars Beeks' claims in the present action.  Therefore, Beeks has not demonstrated a likelihood of success on the merits and the motion for preliminary injunction is denied.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Plaintiff's Motion for Preliminary Injunction [Docket No. 3] is **DENIED**.


Dated:  November 5, 2014          s/ Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court